Kimberly M. Ingram (SBN 305497)
kingram@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Phone: 615-252-3592
Fax: 615-252-6357

*Attorney for Plaintiff ACF 2006 Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACF 2006 CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF MICHAEL J LIBMAN APC, a California corporation, LISA MAKI, a resident of the State of California, and MICHAEL SHABSIS, a resident of the State of California,<br><br>Defendant. | No. 2:19-cv-02920<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

ACF 2006 CORP. for its complaint against LISA MAKI, LAW OFFICES OF MICHAEL J LIBMAN APC and MICHAEL SHABSIS states as follows:

**PARTIES**

1. Plaintiff, ACF 2006 Corp. ("<u>Plaintiff</u>") is a Delaware corporation with its principal place of business at One Vantage Way, Suite C-200, Nashville,

1
COMPLAINT BY ACF 2006 CORP.

Tennessee 37228.  ACF is the successor in interest to Advocate Capital, Inc. ("Lender").

2. Defendant, Law Offices of Michael J Libman APC ("Libman"), is a California corporation.  Libman's registered agent for service of process is Michael Jacob Libman, 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356.

3. Defendant, Lisa L. Maki ("Ms. Maki") is an individual who resides in the State of California.  Ms. Maki's address is believed to be 23823 Malibu Road, #324, Malibu, California 90265.

4. Defendant, Michael Shabsis ("Mr. Shabsis") is an individual who resides in the State of California.  Mr. Shabsis's address is believed to be 1221 N. Spaulding Avenue, Apt. 103, West Hollywood, California 90046.

## JURISDICTION

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). The parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

6. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the federal judicial district known as the Central District of California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.** **The Loan**

8. On or about April 2, 2015, Ms. Maki executed an Amended and Restated Master Loan and Security Agreement (the "Loan Agreement") in favor of Lender.  A copy of the Loan Agreement is attached hereto as **Exhibit A**.

9. Ms. Maki signed the Loan Agreement both as the Borrower and the Guarantor.  *See* Ex. A at 15.

10. Pursuant to the Loan Agreement, funds were loaned (the "Loan") to Ms. Maki as Borrower.

11. Under the Loan Agreement, Ms. Maki unconditionally promised to pay Lender the principal amount of the Loan and every other obligation of Borrower to Lender, plus interest, origination fees, and administrative fees. *See* Ex. A at 3–4.

12. Under the Loan Agreement, Ms. Maki agreed that she would timely pay all amounts due under the Loan Agreements, and that her failure to make such payment would constitute an Event of Default. *See* Ex. A at 4–5, 10.

13. Under the Loan Agreement, Ms. Maki agreed that her failure to comply with or perform under any term or condition of the Loan Agreement would constitute an Event of Default. *See* Ex. A at 10.

14. Under the Loan Agreement, Ms. Maki agreed to reimburse Lender on demand for all Lender's costs and expenses incurred in connection with the enforcement of Lender's rights and remedies under the Loan Agreement. *See* Ex. A at 12.

**B.    The Collateral**

15. Under the Loan Agreement, Ms. Maki granted Lender a continuing security interest in various collateral including, but not limited to, the following (the "Collateral"):

> All accounts, instruments, chattel paper, general intangibles, payment intangibles (all as defined in Article 9 of the Code), and all similar rights that Borrower may have of every nature and kind, including specifically and without limitation, all of Borrower's rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that Borrower may have in and with respect to each and every Client Matter.

*See* Ex. A at 6.

16. The Collateral includes, but is not limited to, any and all amounts that are now, or in the future, owed Ms. Maki including, but not limited to, any and all legal fees now or hereafter due Ms. Maki, as well as any and all reimbursements due Ms. Maki for any costs and expenses advanced by Ms. Maki arising out of any lawsuits.

17. The Loan Agreement provides that Lender shall have all of the rights and remedies generally available to a secured party under the Uniform Commercial Code as adopted in the State of Tennessee (the "UCC"). *See* Ex. A at 1, 6, 12.

## C.  Ms. Maki's Default

18. Lender assigned its right, title, and interest in the Loan, Loan Agreement, and all other Loan-related documents to Plaintiff.

19. The Loan has matured and is presently due and payable in full.

20. Despite Plaintiff's demand, Ms. Maki has failed or refused to make payment.

21. On November 15, 2018, Plaintiff filed an action against Ms. Maki in the United States District Court for the Central District of California, Case No. 2:18-cv-09654-DMG-JC (the "Related Action"). The Related Action remains pending.

22. Under the UCC and following Ms. Maki's default, Plaintiff may collect and enforce its rights against the Collateral, Plaintiff may enforce Ms. Maki rights against any account debtors and other third parties, and Plaintiff may exercise Ms. Maki's rights with respect to any property that secures the obligations of the account debtor or other third party. *See* Tenn. Code Ann. § 47-9-607.

23. Ms. Maki defaulted on her obligations to Plaintiff. Under the UCC, Plaintiff is entitled to enforce its rights against any of the Collateral, is entitled

to collect any attorneys' fees and expense reimbursements owed Ms. Maki and is entitled to enforce Ms. Maki's attorney's lien on any recoveries or judgment in favor of Ms. Maki's clients.  *See* Tenn. Code Ann. § 47-9-607.

**D.     The Shabsis Case**

24.   On December 24, 2014, Mr. Shabsis filed suit against various defendants in the Superior Court for Los Angeles County, California, Case No. BC567668 (the "Shabsis Action").  A copy of Mr. Shabsis's Complaint is attached hereto as Exhibit B.

25.   At the time the Shabsis Action was filed, Mr. Shabsis was represented by Libman.

26.   Upon information and belief, Libman represented Mr. Shabsis on a contingency-fee basis.

27.   On March 29, 2017, Libman filed a Notice of Association of Counsel in the Shabsis Action associating Ms. Maki as counsel of record for Mr. Shabsis in the Shabsis Action.  A copy of the Notice of Association of Counsel is attached hereto as Exhibit C

28.   Upon information and belief, Ms. Maki and Libman entered into a fee sharing arrangement to which Mr. Shabsis consented.

29.   On August 21, 2018, the State Bar Court entered its Decision and Order (the "State Bar Court Order") involuntarily enrolling Ms. Maki as an inactive member of the State Bar of California effective three (3) days from the service thereof.  A copy of the State Bar Court Order is attached hereto as Exhibit D.

30.   On August 28, 2018, Ms. Maki filed her Notice of Disassociation of Counsel in the Shabsis Action withdrawing from her representation of Mr. Shabsis.  A copy of the Notice of Disassociation is attached hereto as Exhibit E.

31.   As the result of the State Bar Court, Ms. Maki's withdrawal from her representation of Mr. Shabsis was mandatory.

5
COMPLAINT BY ACF 2006 CORP.

32. On October 12, 2018, Ms. Maki served Libman and counsel for the defendants in the Shabsis Action her notice claiming an attorney's lien in the amount of $807,278.68 for the worked she performed prior to her mandatory withdrawal as counsel (the "Maki Lien"). A true and exact copy of the Maki Lien is attached hereto as Exhibit F.

33. Mr. Shabsis has settled with two of the defendants in the Shabsis Action and the claims against the other defendants have now been dismissed.

34. Under the UCC, Plaintiff is entitled to collect any attorneys' fees and expense reimbursements owed Ms. Maki in connection with the Shabsis Case and is entitled to enforce the Maki Lien. *See* Tenn. Code Ann. § 47-9-607.

35. Despite repeated requests, Ms. Maki has refused or failed to provide any information regarding the fee sharing arrangement between Ms. Maki and Libman, the Maki Lien and/or the amounts owed to Ms. Maki.

36. Despite repeated requests, Libman has refused or failed to provide any information regarding the fee sharing arrangement between Ms. Maki and Libman and/or the amounts owed to Ms. Maki.

## COUNT I – DECLARATORY JUDGMENT
## (AMOUNT OWED MS. MAKI)

37. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "upon the filing of an appropriate pleading," this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

39. An actual controversy exists as to the amount of attorneys' fees and expense reimbursements owed to Ms. Maki and, in turn, to ACF in connection with the Shabsis Case.

40. ACF is entitled to and requests a declaration of the amount of attorneys' fees and expense reimbursements owed to Ms. Maki and, in turn, to ACF in connection with the Shabsis Case.

41. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, ACF respectfully requests that it be afforded a speedy hearing on this claim for declaratory relief.

## COUNT II – DECLARATORY JUDGMENT
## (VALIDITY OF MAKI LIEN)

42. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

43. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "upon the filing of an appropriate pleading," this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

44. An actual controversy exists as to the validity and enforceability of the Maki Lien.

45. ACF is entitled to and requests a declaration that the Maki Lien is valid and enforceable.

46. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, ACF respectfully requests that it be afforded a speedy hearing on this claim for declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, ACF 2006 Corp. prays as follows:

A. For entry of declaratory judgment determining the amount of the attorneys' fees and expense reimbursements owed to Ms. Maki and, in turn, to ACF in connection with the Shabsis Case;

B. For entry of declaratory judgment determining that the Maki Lien is valid and enforceable; and

  C. That this Court grant such other relief as it deems just and proper.

Dated: April 16, 2019

              Respectfully submitted,

              */s/ Kimberly M. Ingram*
              Kimberly M. Ingram
              kingram@bradley.com
              BRADLEY ARANT BOULT CUMMINGS LLP
              1600 Division Street, Suite 700
              Nashville, TN  37203
              Phone:  615-252-3592
              Fax:  615-252-6357