UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2920-DMG (JCx)** | Date | September 17, 2020 |
|---|---|---|---|
| Title | *ACF 2006 Corp v. Law Offices of Michael J. Libman APC, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER FOR ATTORNEYS' FEES AND COSTS [103]**

On July 31, 2020, the Court held that, given the posture of this case and Cross-defendant Lisa Maki's conduct in this case so far, Maki must pay Cross-claimants Law Office of Michael J. Libman ("Libman") and Michael Shabsis' reasonable fees and costs associated with their pending motion for default judgment ("MDJ") [Doc. # 78] in order for the Court to set aside Maki's voluntary default. [Doc. # 102.] Accordingly, Libman and Shabsis filed a declaration with itemized statements of billing and costs associated with the pending MDJ on August 7, 2020 [Doc. # 103], and Maki filed her objections on August 14, 2020 [Doc. # 106]. On August 20, 2020, Libman and Shabsis filed a notice of errata and response to Maki's objections, revising the total fees sought to $58,487.65. *See* Libman Supp Decl. at ¶ 4 [Doc. # 108-1].

The Court will be brief. Libman submitted a clumsy and overbilled statement of fees full of "obvious errata," and Maki rightly points out that he justifies neither his $750 hourly rate, paralegal Zhanna Sanamyan's $250 hourly rate, nor his co-counsel Law Offices of Scott A. Miller, APC's involvement in the matter (much less those attorneys' $750 hourly rates). *See* Libman Response at 3; Maki Opp. at 2-3. In addition, Maki also continues to make extraneous arguments unsuited to her status as a defaulted defendant, and she does not seem to understand that this painfully protracted process is entirely caused by her own evasiveness and desire to re-appear in this litigation despite her consent to entry of default in December 2019 and professed inability to pay any judgment. *See* Maki Opp. at 5-7.

The parties now force the Court to determine reasonable rates for attorneys Michael Libman, Scott Miller, and Bonnie Fong and to sift laboriously through the corrected time entries submitted by Libman, on behalf of his client Shabsis, and by Miller and Fong, on behalf of their client Libman. In determining a reasonable hourly rate, courts may consider: "[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented." *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011). In the absence of *any* evidence submitted by Libman, Miller, or Fong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2920-DMG (JCx)** | Date | September 17, 2020 |
|---|---|---|---|
| Title | *ACF 2006 Corp v. Law Offices of Michael J. Libman APC, et al.* | Page | 2 of 3 |

justifying their $750 hourly rate, the Court must rely on its own knowledge of customary rates in this district.[1]

Based on their differing years of experience, and the less than complex nature of this action, the Court determines that $650 is a reasonable hourly rate for Libman, admitted to the California bar in 2002; $550 is a reasonable hourly rate for Miller, admitted to the California bar in 2004; and $450 is reasonable hourly rate for Fong, admitted to the California bar in 2009. In addition, $175 is a reasonable hourly rate for paralegal Sanamyan. In an attorneys' fees motion in a breach of contract case granted just two years ago, the Court awarded $545 and $625 per hour to two law firm partners with 20 and 21 years of experience, respectively. *See Signature Fin., LLC v. McClung*, No. CV 16-3621-DMG (FFMx), 2018 WL 6843050, at *3 (C.D. Cal. Aug. 13, 2018). The Court has also previously relied on case law determining that the average rate in this jurisdiction for a junior associate is approximately $352 per hour. *Drexler v. Billet*, No. CV 17-08552-DMG (JCx), 2018 WL 6164279, at *1 (C.D. Cal. Aug. 6, 2018). While the passage of time increases hourly rates, the attorneys' performance in this case thus far has not justified a $750 rate for each attorney.

These rates, multiplied by all hours billed results in a fee of $28,582.50 for Libman and Sanamyan, and $15,512.50, for Miller and Fong, for a total of $44,095. The hours requested, however, are not reasonable. District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, such as hours that are "excessive, redundant, or otherwise unnecessary," it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id.*

The Court also has discretion to apply a downward adjustment when billing entries are either vague or blockbilled. *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1030–31 (C.D. Cal. 2012) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed[,]" a 10% cut does not require a more specific explanation, and those principles apply to vague entries as well). Libman has engaged in block billing that justifies a 10% across-the-board cut in hours. *See, e.g.*, Libman Response, Ex. 1 (Libman's April 3, 2020 billing for three hours of researching and drafting a response to an OSC and calls with Miller and Fong) [Doc. # 108-1]). Miller has made at least one calculation error, billing for three hours of work on March 9, 2020, despite his more detailed breakdown showing only two hours of itemized work, justifying a reduction of his hours by one hour, and both Miller and Fong have made vague, block-billed entries justifying a 10% cut in hours. *See* Libman Response, Ex. 2 (Miller's February 27, 2020 billing for

---

[1] In an ordinary motion for attorneys' fees, the Court would not award fees without such evidence, but this is not a typical motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2920-DMG (JCx)** | Date | September 17, 2020 |
|---|---|---|---|
| Title | *ACF 2006 Corp v. Law Offices of Michael J. Libman APC, et al.* | Page | 3 of 3 |

two hours of conferral with co-counsel and e-mails and Fong's 2.5 hours reviewing and preparing co-counsel's drafts) [Doc. # 108-2]. More importantly, because parties are not entitled to an award of attorney's fees for hours which were duplicative, unproductive, excessive or otherwise unnecessary, the Court cuts an additional 30% off all attorneys' fees for the excessive amount of time the various lawyers spent conferring with one another and performing duplicative work. *See Hensley*, 461 U.S. at 434.

Reducing Libman's 42.25 hours by 40% results in 25.35 hours, which multiplied by a $650 hourly rate results in fees of $16,477.50. Sanamyan's 6.4 hours at $175 per hour results in fees of $1,120. Accordingly, the total fees reasonably billed by Libman's firm amount to $17,597.50. Reducing Miller's 14.75 hours by 40% results in 8.85 hours, which multiplied by a $550 hourly rate results in fees of $4,867.50. Reducing Fong's 18.5 hours by 40% results in 11.1 hours, which multiplied by a $450 hourly rate results in fees of $4,995. The total fees reasonably billed by Miller's firm is $9,862.50.

In addition, the Court grants the request for PACER costs $52.90 to Libman and $21.40 to Miller, but not for the $803.70 cost of a deposition that Libman apparently scheduled knowing that Maki was out of the country.

In sum, the reasonable fees and costs due are $27,534.40. While this should be an exorbitant amount of fees for one MDJ, this is an exceptionally drawn-out, confusing, and self-inflicted MDJ, and Maki assented to paying these fees knowing that the parties have spent eight months litigating this issue and that the fees would be in the tens of thousands of dollars.

Accordingly, the Court **ORDERS** Maki to pay $27,534.40 in attorneys' fees to Libman and Shabsis' counsel by **October 2, 2020**. Libman and Shabsis will file a notice of satisfaction of payment by **October 5, 2020**, and the Court will proceed to vacate the entry of default, set new pretrial and trial dates and deadlines, and deny as moot the pending motion for default judgment. If Maki fails to timely pay the fees ordered, the Court will proceed to rule on the merits of the motion for default judgment and **will not** consider any further filings by Maki.

**IT IS SO ORDERED.**